IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

FAUSTO MONTES

NO. 5:19-CR-108-H

## FACTUAL RESUME

In support of Fausto Montes's plea of guilty to the offense in Count One of the Superseding Information, Montes, the defendant, Michael King, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. § 1470, that is, Attempted Transfer of Obscene Material to a Minor, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant transferred the material charged in the indictment;

*Second.* That the defendant used a facility or means of interstate or foreign commerce to do so;

*Third.* That the defendant knew at the time of the transfer the general contents, character and nature of the material;

---

[1] Fifth Circuit Pattern Jury Instruction 2.62 (2015) (Section 2.52 provides elements for a violation of 18 U.S.C. § 1465. However, the elements are essentially the same as those for section 1470, except for the added element addressing the age of the recipient); *See also United States v. Rudzavice*, 586 F.3d 310, 314 (5th Cir. 2009).

**Fausto Montes**
**Factual Resume—Page 1**

*Fourth.* The material was obscene; and

*Fifth.* At the time of the transfer, the defendant knew or believed the recipient was not yet 16 years old.

The government must also prove each of the following elements beyond a reasonable doubt:[2]

*First*: That the defendant intended to transfer obscene material to a minor in violation of 18 U.S.C. § 1470;

*Second.* That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

## STIPULATED FACTS

1. Fausto Montes, defendant, admits and agrees that on or about August 22, 2019, in the Lubbock Division of the Northern District of Texas, and elsewhere, he knowingly used a facility or means of interstate or foreign commerce, and attempted to transfer to another individual who had not attained the age of sixteen years, obscene matter, that is: Defendant sent one digital image file depicting an adult male engaged in lascivious exhibition of the genitals and pubic area of the adult male to a person Defendant knew and believed to be a minor female who had not attained the age of sixteen years, in violation of Title 18, United States Code, Section 1470.

2. On August 20, 2019, Montes contacted "Sorena" through a messaging system on a phone-based application called MeetMe. "Sorena" was the undercover identity of a Lubbock Police Department officer conducting an internet crimes against

---

[2] Fifth Circuit Pattern Jury Instruction 1.32 (2015).

**Fausto Montes**
**Factual Resume—Page 2**

children undercover investigation. Montes and "Sorena" discussed her age (15 years old) and Montes said that her being fifteen years old did not deter him but asked: "but your friends, the law, your folks? Not sure how all that works, lol." Over the next two days, the conversation moved from the MeetMe application to text messaging and progressed from flirty to sexual in nature. Montes tried several times to meet "Sorena" for sex until he was arrested on August 25, 2019.

3. Throughout the two days of messaging, Montes and "Sorena" discussed her being fifteen years of age and that he was her "secret." Montes and "Sorena" discussed sexual activity and he told her that he could not use condoms due to a medical condition. Montes told "Sorena" that he was looking for a place they could rent to live together. Montes arranged to pick her up after school one day and when "Sorena" did not show up, he waited for an hour and a half and sent multiple messages to her trying to get her to meet him. When he thought that "Sorena" was upset with him on August 22, 2019, Montes sent "Sorena" a picture of himself lasciviously exposing his penis and pubic area. After sending that picture to "Sorena," Montes asked "Sorena" to send him a picture of "what is mine" since he showed her what was hers. In an effort to impress "Sorena," Montes described his job doing pediatric home health care and told her how much he made a year. Montes then sent her several pictures of the room of the child he was caring for at that moment, including pictures of the bedroom, health equipment, and a picture of the young child in a diaper on his bed hooked up to machines. At one point in the messages, Montes said to "Sorena": "why do you think young is a problem? I like young, I only like young."

Fausto Montes
Factual Resume—Page 3

4. At all times relevant to this factual resume, Montes and "Sorena" were not married. At all times relevant to this factual resume, Montes believed "Sorena" to be a fifteen-year-old child.

5. Montes admits that he transferred and attempted to transfer one digital image file depicting an adult male engaged in lascivious exhibition of his genitals and pubic area, using his Verizon LG V20 cellular telephone with IMEI number 359968072432029. This phone is a facility or means of interstate or foreign commerce because it uses a cellular or internet data network that operates in interstate and foreign commerce and cellular networks are regulated by the Federal Communications Commission. Montes admits that he knew at the time of the transfer the general contents, character, and nature of the material. Montes admits that the material was obscene in that it appealed predominantly to prurient interest, depicted or described sexual conduct in a patently offensive way, and the material, taken as a whole, lacked serious literary, artistic, political, or scientific value. Montes admits that at the time of the transfer, he knew or believed the recipient was not yet 16 years old.

6. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 30 day of September, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
FAUSTO MONTES
Defendant

_____
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7564
Facsimile:   806-472-7394
Email: Callie.Woolam@usdoj.gov

_____
MICHAEL KING
Attorney for Defendant